1

2

3

4

5

6

7

FILED & ENTERED

JAN 09 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch     DEPUTY CLERK

8

9

10

11

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>HECTOR MENDOZA,<br><br>           Debtor. | Case No.: 6:19-bk-20972-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING AUTOMATIC STAY MOTION**<br><br>Hearing:<br>Date:       January 8, 2020<br>Time:      2:30 p.m.<br>Crtrm.:   304 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On January 8, 2020 at 2:30 p.m., the Court held a hearing regarding the motion of the debtor, Hector Mendoza ("Debtor") entitled "Notice of Motion and Motion In Individual Case For Order Imposing A Stay or Continuing The Automatic Stay as the Court Deems Appropriate" [docket number 15] ("Motion").  All appearances were noted on the record.  The hearing concluded on January 8, 2020 and the Court took the matter under submission.

For the following reasons, the Court hereby denies the Motion.

## I. JURISDICTION.

The bankruptcy court has jurisdiction over the Motion pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334(b).  The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).  Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

## II. THE DEBTOR HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD.

### A.    Factual Background.

The Debtor has not made the necessary showing under applicable law.  This is the third chapter 13 bankruptcy case filed by the Debtor.  The Debtor filed the first case (6:18-bk-16867-WJ) on August 14, 2018.  The Debtor proposed a chapter 13 plan which the Court confirmed on October 10, 2018.  Unfortunately, the Debtor immediately defaulted and failed to make two post-confirmation payments.  On December 18, 2018 (merely two months after entry of the order confirmation the chapter Debtor's chapter 13 plan), the Trustee filed a motion to dismiss which the Debtor did not oppose.  The Court granted the motion and dismissed the case on January 7, 2019.

Three months later, the Debtor filed the second chapter 13 case on April 2, 2019 (6:19-bk-12759-WJ).  The Debtor filed a motion to continue the automatic stay which the Court granted.  The Debtor also proposed a chapter 13 plan which the Court confirmed on May 29, 2019.  Again, the Debtor immediately defaulted and failed to make two post-confirmation payments.  The Trustee filed a motion to dismiss on July 10, 2019 which the Trustee then withdrew (presumably because the Debtor made missing payments).  The Trustee then filed a

1    further motion to dismiss on November 5, 2019 because the Debtor missed more post-

2    confirmation payments.  The Court granted the motion and dismissed the case on December 5,

3    2019.

4          Two weeks later, the Debtor filed this third chapter 13 bankruptcy case on December 19,

5    2019.

6          As a result, the current chapter 13 case is deemed under the law to be a case filed in bad

7    faith.  Pursuant to 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc), the current case is deemed a case

8    "presumptively filed not in good faith" because the Debtor failed to perform under the terms of

9    the confirmed plan in the prior case.  See, e.g., In re Muhammad, 536 B.R. 469, 474 (Bankr. M.D.

10   Ala. 2015) ("When the prior case was dismissed for the failure to perform under the plan, the

11   presumption that the new case was not filed in good faith arose."); In re Williams, 410 B.R. 491,

12   493 (Bankr. S.D. Tex. 2009) ("A presumption applies that the case has not been filed in good

13   faith if, inter alia, the debtor failed to perform the terms of a confirmed plan.").

14         Indeed, the Debtor has failed to perform in two prior chapter 13 cases dismissed within

15   the last twelve months in which the Court confirmed chapter 13 plans.  The presumption of bad

16   faith applies twice.

17         Pursuant to section 362(c)(4)(B), a court may impose the automatic stay "only if the party

18   in interest demonstrates that the filing of the later cases is in good faith as to the creditors to be

19   stayed . . . ."  As in this case, section 362(c)(3)(C) creates a statutory presumption that this case

20   has been filed in bad faith because of the existence of two bankruptcy cases within the last twelve

21   months.  The statutory presumption can only be rebutted by "clear and convincing evidence to

22   the contrary . . . ."

23

24         **B.      Only Clear And Convincing Evidence Overcomes the Presumption of Bad**

25                   **Faith.**

26         Under the statute, the presumption of bad faith may be rebutted only by "clear and

27   convincing evidence to the contrary" and debtors bear the burden of rebutting the presumption of

28   bad faith. Muhammad, 536 B.R. at 473 ("The debtor has the burden of proof to show that she has

1    filed her petition in good faith."); In re Morales, 366 B.R. 919, 922 (Bankr. D.Neb. 2007)

2    ("Debtor has failed to rebut the presumption that the present case was not filed in good faith

3    since Debtor has failed to present clear and convincing evidence to the contrary."); In re Tate,

4    2016 Bankr. LEXIS 4487 *6 (Bankr. N.D. Iowa 2016) ("It is debtor's burden to rebut the

5    presumption of bad faith and show by clear and convincing evidence that he filed the case in

6    good faith."); In re Ellis, 339 B.R. 136, 141 & 144 (Bankr. E.D. Pa. 2006) (denying a motion by

7    a debtor to continue the automatic stay and stating that "[i]n order to rebut the presumption

8    applied here that the case was filed not in good faith, Debtor must provide 'clear and convincing

9    evidence' to the contrary . . . it is his burden to provide clear and convincing evidence . . . ."); In

10   re Ferguson, 376 B.R. 109, 118-199 (Bankr. E.D.Pa. 2007) ("The burden of persuasion in

11   rebutting the presumption that the case was filed 'not in good faith' and the burden of persuasion

12   in proving that the case was filed in good faith is on the Debtor."); In re Dowden, 429 B.R. 894,

13   901-902 (Bankr. S.D. Ohio 2010) (denying a motion to impose the automatic stay and stating

14   that "the Court is troubled that the Debtors have filed two prior unsuccessful bankruptcy cases,

15   the first of which utterly failed and the second of which achieved only minimal success for a

16   short period.  Given the totality of the circumstances, the evidence falls short of clear and

17   convincing as is required to overcome the presumptions that this case was not filed in good faith.

18   Therefore, the Court must deny the Debtors' Motion to extend the automatic stay.").

19           Under applicable caselaw, the "'clear and convincing' standard of proof is an

20   intermediate standard that lies between a 'preponderance of the evidence' and 'beyond a

21   reasonable doubt.'" Ferguson, 376 B.R. at 119 (citing SmithKline Beecham Corp. v. Apotex

22   Corp., 2005 U.S. Dist. LEXIS 5999, 2005 WL 941671, at *7 n.21 (E.D. Pa. Mar. 31, 2005)).

23   The "clear and convincing" standard has been defined in various ways.

24           For example, in the Ellis decision, the court considered a motion by the debtor to continue

25   the automatic stay and stated that "[c]lear and convincing evidence is that weight of proof which

26   produces in the mind of the trier of fact a firm belief or conviction as to the truth of the

27   allegations sought to be established, evidence 'so clear, direct and weighty and convincing as to

28   enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the

1    precise facts in issue.'" In re Ellis, 339 B.R. at 141-142 (citing U.S. Fire Ins. Co v. Royal Ins.

2    Co., 759 F2d 306, 309 (3d Cir. 1985)).  The court applied this standard and concluded that the

3    debtor had failed to satisfy it.  As a result, the court denied the debtor's motion.

4        Likewise, in the case of In re Wilson, 336 B.R. 338 (Bankr. E.D. Tenn. 2005), the

5    bankruptcy court considered four motions to continue or impose the automatic stay.  In all four

6    cases, the presumption of bad faith existed and the court denied all four motions.  The court

7    stated that "[c]lear and convincing evidence may be defined as that measure or degree of proof

8    which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations

9    sought to be established." Id. at 347 (Bankr. E.D. Tenn. 2005).  The court in Wilson held that the

10   debtors had fallen well short of this standard. Id. at 348 (stating that the "none" of the automatic

11   stay motions "provide adequate grounds to support the request that the 30-day stay be extended"

12   and "none" of the "explanations as to why the prior cases were dismissed" were "sufficiently

13   explained or proved.").

14       Similarly, in the case of In re Muhammad, 536 B.R. 469, 475 (Bankr. M.D. Ala. 2015),

15   the court denied a motion to continue the automatic stay.  The Court held that "[c]lear and

16   convincing is a heightened evidentiary standard, meaning that [the debtor] had to prove her good

17   faith with more than a mere preponderance of the evidence." Id. at 475.  Instead, the debtor must

18   provide "evidence [that] 'produces in the mind of the trier of fact an abiding conviction that the

19   truth of the factual contentions is highly probable.'" Id. (citing Ferguson).  According to the

20   Court in Muhammad, in order for the debtor "to carry her burden, [she] had to submit sufficient

21   evidence to convince this Court that it was 'highly probable' that her case was filed in good

22   faith." Id.  After considering the evidence provided by the debtor, the Court concluded she had

23   not demonstrated that it was "highly probable" her case had been filed in good faith.

24

25       **C.    The Debtor Has Not Provided Clear and Convincing Evidence.**

26       In this case, the Debtor has not made the necessary evidentiary showing.  Specifically, the

27   declaration of the Debtor in support of the Motion is very short.  Paragraph 4 of the declaration

28   states that the second chapter 13 bankruptcy case of the Debtor failed because "I was one month

1    delinquent on my plan payment and the trustee moved for a dismissal." This statement is

2    misleading.  The Debtor repeatedly fell behind in making monthly payments in the second

3    bankruptcy case.  The first motion by the Trustee to dismiss the second bankruptcy case (filed on

4    July 10, 2019) indicated the Debtor had missed two monthly payments post-confirmation.  The

5    second motion by the Trustee to dismiss his second bankruptcy case (filed on November 5, 2019)

6    indicated the Debtor had missed approximately one and a half monthly payments post-

7    confirmation.

8         Also, the declaration by the Debtor does not mention why the Debtor immediately

9    defaulted in making plan payments post-confirmation.  The declaration by the Debtor does not

10   explain why the Debtor missed any post-confirmation payments.  The declaration simply does

11   not explain what happened in the prior case.

12        Likewise, the declaration fails to mention (much less explain) the first chapter 13

13   bankruptcy case.  There is no discussion of why the Debtor failed to perform under the terms of

14   the confirmed chapter 13 plan in the first case.

15        Overall, the vague and very cryptic statements of the Debtor are inadequate to overcome

16   the statutory burden.  The comments in the very short declaration by the Debtor are neither clear

17   nor convincing.  They fall well short of the various definitions of "clear and convincing". See,

18   e.g., In re Dowden, 429 B.R. 894, 901-902 (Bankr. S.D. Ohio 2010).

19        In this case, the Debtor has not made the necessary evidentiary showing.  Congress

20   enacted section 362(c)(3) & (4) to break the cycle of repetitive failed chapter 13 cases.  The

21   statute "indicates that Congress intended it to deter second filings." Reswick v. Reswick (In re

22   Reswick), 446 B.R. 362, 372 (9th Cir. BAP 2011) ("The legislative history demonstrates that

23   Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the

24   power of the automatic stay as subsequent bankruptcy cases are filed . . . The history of section

25   362(c)(3)(A) indicates that Congress intended it to deter second filings.  For this provision to

26   have its intended effect, it must be interpreted as terminating the automatic stay in its entirety.").

27        As a result, feasibility is a central issue in considering a motion under section 362(c)(3) to

28   continue the automatic stay or a motion under section 362(c)(4) to impose the stay.  Can the

1   Debtor demonstrate feasibility?  Filing a chapter 13 case that lacks viability or feasibility is not in

2   good faith.  Will the new chapter 13 case succeed given that prior chapter 13 cases by the same

3   debtor have failed?  <u>See</u>, <u>e.g.</u>, <u>Morales</u>, 366 B.R. at 922 (denying a motion to extend or impose

4   the stay and stating that the "probability of success of Debtor's plan is the most important factor

5   in determining good faith [and the] debtor's failure to establish as a matter of fact that her plan is

6   feasible may support a finding of lack of good faith, particularly where that failure occurs in a

7   second or third bankruptcy case commenced by the same debtor . . . .").

8        Once a chapter 13 debtor has failed to comply with a confirmed plan in one or more prior

9   bankruptcy cases, Congress has imposed a statutory presumption of bad faith.  Furthermore,

10  Congress decided that the presumption can only be rebutted by "clear and convincing" evidence.

11  A debtor seeking to overcome the presumption of bad faith (at a minimum) needs to demonstrate

12  by "clear and convincing" evidence that the new chapter 13 case will succeed even though the

13  prior cases failed.  Unfortunately, the Debtor has not done so.

14       At a minimum, in order to overcome the presumption of bad faith, the Debtor needs to

15  demonstrate in a "clear and convincing" manner that the current chapter 13 case is feasible.  The

16  Debtor needs to firmly demonstrate that the current case will succeed even though the prior two

17  chapter 13 cases failed.  Congress enacted section 362(c) to break the cycle of repetitive

18  chapter 13 cases that fail.  Therefore, it is incumbent upon the Debtor to explain in clear terms

19  why this chapter 13 case will succeed when the prior two chapter 13 cases did not.

20  Unfortunately, the Debtor has failed to do so.

21       The brief statements of the Debtor in his declaration fall well short of being "weighty and

22  convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the

23  truth of the precise facts in issue." <u>In re Ellis</u>, 339 B.R. at 141-142.  Likewise, the evidence does

24  not "produce in the mind of the trier of fact a firm belief or conviction as to the allegations

25  sought to be established." <u>In re Wilson</u>, 336 B.R. at 347.  And the statements of the Debtor fall

26  well short of demonstrating that it is "'highly probable' that [this] case was filed in good faith."

27  <u>In re Muhammad</u>, 536 B.R. at 475.

28

1    Accordingly, in the absence of sufficient evidence of good faith, the Motion cannot be

2    granted. <u>In re Ellis</u>, 339 B.R. 136, 144 (Bankr. E.D. Pa. 2006) ("[T]he absence of proof of good

3    faith requires that no extension of the stay be ordered.").

4

5    ### III.  CONCLUSION.

6    Accordingly, for the reasons stated, the Motion is hereby denied.  The Court will enter a

7    separate order consistent with this memorandum.

8    IT IS SO ORDERED.

9    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Date: January 9, 2020

28

Wayne Johnson
United States Bankruptcy Judge

- 8 -